HARWOOD FEFFER LLP
488 MADISON AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE: (212) 935-7400
TELECOPIER: (212) 753-3630

March 23, 2015

By ECF

Honorable Robert W. Sweet,
United States District Court Judge
United States District Court
500 Pearl Street
New York, New York 10007-1312

Re:   *In re Facebook, Inc. IPO Securities and Derivative Litigation*, MDL No. 12-2389

Dear Judge Sweet:

We represent plaintiffs Lawrence Corneck (12 Civ. 4215) and Eugene Stricker (12 Civ. 4763), each of whom brought an action against the lead underwriters in the Facebook IPO, alleging insider trading in violation of Section 20A of the Securities Exchange Act of 1934 (the "Exchange Act Plaintiffs"). Based solely upon publicly available information, it appears that the lead underwriters substantially increased the number of Facebook shares being offered in the IPO, substantially increased the price at which the Facebook shares were being offered in the IPO, and then shorted Facebook shares during the offering, thereby reaping a reported profit of approximately $150 million. The theory underlying the Exchange Act Plaintiffs' actions is that the lead underwriters shorted the Facebook shares because they knew, based upon inside information, that the demand for Facebook shares on the IPO at the increased price was collapsing, resulting in the price of Facebook shares likely declining in the immediate aftermath of the IPO being declared effective by the SEC.

The Exchange Act Plaintiffs' actions were consolidated with all the other actions arising out of the Facebook IPO, which other actions allege only Securities Act of 1933 disclosure violations. Lead Plaintiffs appointed by this Court elected not to prosecute the Exchange Act Plaintiffs' Section 20A claim, although it is non-duplicative of the Securities Act of 1933 claims in the consolidated complaint. The Exchange Act Plaintiffs' motion to sever their actions from the consolidated action was denied. *See* Docket Entry 120. Although this Court noted that "[t]he Exchange Act Plaintiffs remain free to pursue their claims through an individual action" (*id.* at 17), this course of action does not seem, to the Exchange Act Plaintiffs, to be practicable. The Court also suggested that "filing an individual suit will provide [the Exchange Act Plaintiffs] access to any discovery taken by Lead Plaintiffs in the Consolidated Securities Action." *Id.* However, as there are no overlapping contested factual issues, discovery in the Consolidated Securities Action will be of little or no relevance to the Section 20A claim.

HARWOOD FEFFER LLP

Honorable Robert W. Sweet,
United States District Court Judge
March 23, 2015
Page 2

In view of Lead Plaintiffs' failure to prosecute the Section 20A claim, the continued existence of the Exchange Act Plaintiffs' actions, as part of the consolidated action, serves no useful purpose. Accordingly, the Exchange Act Plaintiffs respectfully request that this Court *sua sponte* enter a judgment dismissing the Exchange Act Plaintiffs' actions, with prejudice, pursuant to Fed. R. Civ. P. 41(b). This will allow the Exchange Act Plaintiffs to file a Notice of Appeal now rather than wait for the conclusion of an action in which the Exchange Act Plaintiffs' claim is not being prosecuted.

                                      Respectfully,

                                      /s/ Joel C. Feffer
                                      Joel C. Feffer

JCF:jrg

cc:    All Counsel (By ECF)